CADES SCHUTTE
A Limited Liability Law Partnership

KEITH Y. YAMADA          4044
MICHAEL R. SOON FAH      11156
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email: kyamada@cades.com
Email: msoonfah@cades.com

Attorneys for Claimant
BANK OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURETENANCES AND IMPROVEMENTS; AND<br><br>REAL PROPERTY LOCATED AT 614 PAOKANO LOOP, IN KAILUA, HAWAII, TOGETHER WITH ALL APPURTENANCESAND IMPROVEMENTS; AND<br><br>$611,123.60, CONSTITUTING PROCEEDS OF THE SALE OF THE REAL PROPERTY LOCATED AT 559 | CIVIL NO. 1:25-cv-00028-DKW-KJM<br><br>**CLAIMANT BANK OF HAWAII'S ANSWER TO COMPLAINT FOR FORFEITURE FILED ON JANUARY 22, 2025; CERTIFICATE OF SERVICE** |

KUMUKAHI PLACE, HAWAII KAI, HAWAII, TAX MAP KEY 390520260000; AND

THE "PAINKILLER", 2014 37.5-FOOT BOSTON WHALER PLEASURE CRAFT, HULL NO. BWCE1942D414, REGISTRATION NO. HA-9849-H, HELD IN THE NAME OF HAWAII PARTNERS LLC; AND

HAWAII LONGLINE LIMITED ENTRY PERMIT, ISSUED TO THE FISHING VESSEL "RACHEL" VESSEL NUMBER 1050716, HELD IN THE NAME OF KAMAAINA HOLDINGS LLC; AND

$676,785.56, CONSTITUTING PROCEEDS OF THE SALE OF THE "RACHEL", A TUNA LONGLINE FISHING VESSEL, U.S. REGISTRATION NUMBER 1050716, REGISTERD TO KAMAAINA HOLDINGS LLC; AND

2017 FERRARI F12 BERLINETTA, VIN: ZFF74UFA5H0223173, HELD IN THE NAME OF HAWAII PARTNERS LLC; AND

$81,656.56 IN FUNDS, SEIZED FROM HAWAII CENTRAL FEDERAL CREDIT UNION, ACOUNT #XXXXX075, HELD IN THE NAME OF MICHAEL J. MISKE; AND

$300,372.85 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXX415, HELD IN THE NAME OF KAMAAINA TERMITE AND PEST CONTROL, INC.; AND

$1,063,427.35 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXXXX602, HELD IN THE NAME OF KAMAAINA TERMITE AND PEST CONTROL, INC.; AND

$206,725.80 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXX414, HELD IN THE NAME OF OAHU TERMITE AND PEST MANAGEMENT LLC, DBA OAHU TERMITE AND PEST CONTROL, LLC.; AND

$170,105.72 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXXXX218, HELD IN THE NAME OF OAHU TERMITE AND PEST MANAGEMENT LLC, DBA OAHU TERMITE AND PEST CONTROL LLC.; AND

$22,710.48 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXX220, HELD IN THE NAME OF KAMAAINA PLUMBING AND RENOVATIONS LLC.; AND

BANK OF HAWAII CASHIER'S CHECK NO. 429111, IN THE AMOUNT OF $1,162,826.76,

PAYABLE TO KAMAAINA TERMITE AND PEST CONTROL; AND

1951 VOLKSWAGEN, VIN: 10234188, HAWAII LICENSE PLATE: SYB865, REGISTERED OWNER: HAWAII PARTNERS LLC; AND

1956 VOLKSWAGEN, VIN: 109382821, HAWAII LICENSE PLATE: 56VDUB, REGISTERED OWNER: HAWAII PARTNERS LLC; AND

1957 VOLKSWAGEN, VIN: 1529889, HAWAII LICENSE PLATE: BBYGRL, REGISTERED OWNER: HAWAII PARTENRS LLC; AND

1961 VOLKSWAGEN VAN, VIN: 685167, HAWAII LICENSE PLATE: SYB762, REGISTERED OWNER: HAWAII PARTNERS LLC; AND

1970 FORD BRONCO, VIN: U15GLG85573, HAWAII LICENSE PLATE: TTY105, REGISTERED OWNER: HAWAII PARTNERS, LLC; AND

PAINTING ENTITLED, "LUDAVICO & LUDOVICO" BY RETNA; AND

PAINTING ENTITLED, "WATERMARK" BY RETNA; AND

PAINTING ENTITLED, "FOREVER YOUNG" BY RETNA; AND

| |
|---|
| PAINTING ENTITLED, "SANGRE OSCURA" BY RETNA; AND |
| SCULPTURE ENTITLED, "SLICK SKULL" BY OG SLICK; AND |
| SCULPTUR ENTITLED, "UZI DOES IT" BY OG SLICK; AND |
| PAINTING ENTITLED, "SPEAKING IN TONGUES" BY ALEX "DEFER" KIZU; AND |
| PAINTING ENTITLED, "SPIRITUAL LANGUAGE" BY ALEX "DEFER" KIZU; AND |
| Defendants *in Rem*. |

## CLAIMANT BANK OF HAWAII'S ANSWER TO COMPLAINT FOR FORFEITURE FILED ON JANUARY 22, 2025

Bank of Hawaii ("**BOH**"), by and through its counsel, Cades Schutte LLP, hereby submits its answer to the Complaint for Forfeiture filed on January 22, 2025 [Dkt. 1] (the "**Complaint**") by Plaintiff United States of America ("**Plaintiff**") as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim against BOH upon which relief can be granted.

## SECOND DEFENSE

2. BOH states that the allegations in paragraph 1 of the Complaint state a legal conclusion and therefore, no response is required.

3. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and therefore denies said allegations.

4. In response to paragraph 3 of the Complaint, BOH admits the allegation in paragraph 3(a) of the Complaint that Defendant Portlock Property is titled in the name of Michael J. Miske, Jr., Trustee under the Michael J. Miske, Jr. Revocable Living Trust dated August 6, 2008. BOH is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations contained in paragraph 3 of the Complaint, including whether the document attached as Exhibit A to the Complaint is a true and accurate legal description for Defendant Portlock Property. BOH therefore denies the remaining allegations in paragraph 3 of the Complaint.

5. In response to paragraph 4 of the Complaint, BOH admits the allegation in paragraph 4(a) of the Complaint that Defendant Kailua Property is titled in the name of Michael J. Miske, Jr., Trustee under the Michael J. Miske, Jr. Revocable Living Trust dated August 6, 2008. BOH is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations

contained in paragraph 4 of the Complaint, including whether the document attached as Exhibit B to the Complaint is a true and accurate legal description for the Kailua Property. BOH therefore denies the remaining allegations in paragraph 4 of the Complaint.

6. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 5-29 of the Complaint, and therefore denies said allegations.

7. BOH states that the allegations in paragraph 30-35 of the Complaint state legal conclusions and therefore, no response is required.

8. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 36-38 of the Complaint, and therefore denies said allegations.

9. In response to the allegations in paragraph 39 of the Complaint, BOH admits that Plaintiff recorded a notice of pendency of action as to Defendant Kailua Property. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 39 of the Complaint, and BOH therefore denies the same.

10. In response to the allegations in paragraph 40 of the Complaint, BOH admits that funds were seized by the government that were held in the BOH accounts identified in paragraph 11-15 of the Complaint. BOH is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 40 of the Complaint, and BOH therefore denies the same.

11. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 41-48 of the Complaint, and therefore denies said allegations.

12. BOH states that the allegations in paragraphs 49-76 of the Complaint state legal conclusions and therefore, no response is required.

13. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 77-126 of the Complaint, and therefore denies said allegations.

14. BOH states that the allegations in paragraph 127 of the Complaint state a legal conclusion and therefore, no response is required.

15. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 128-203 of the Complaint, and therefore denies said allegations.

16. In response to the allegations in paragraph 204 of the Complaint, BOH admits that MISKE applied for and obtained a $2 million loan from BOH for which Defendant Portlock Property served as collateral secured by a mortgage. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations contained in paragraph 204 of the Complaint, and BOH therefore denies the same.

17. In response to the allegations in paragraph 205 of the Complaint, BOH admits that it based its approval on MISKE's loan for the Defendant Portlock Property in part upon the appraisal submitted by MISKE submitted with his loan application which attached a General Service Agreement for the construction of the Defendant Portlock Property. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 205 of the Complaint, and BOH therefore denies the same.

18. In response to the allegations in paragraph 206 of the Complaint, BOH admits that the General Service Agreement attached to MISKE's appraisal submitted with his loan application for the Defendant Portlock Property was dated July 3, 2015. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 206 of the Complaint, and BOH therefore denies the same.

19. BOH admits the allegations in paragraph 207 of the Complaint.

20. In response to the allegations in paragraph 208 of the Complaint, BOH admits that payments continued to be made on BOH's loan for the Defendant Portlock Property through at least August 1, 2019.

21. In response to the allegations in paragraph 209 of the Complaint, BOH

admits that payments continued to be made on BOH's loan for the Defendant Portlock Property through at least July 2020. BOH is without knowledge at this time sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 209 of the Complaint, and BOH therefore denies the same.

22. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 210-223 of the Complaint, and therefore denies said allegations.

23. In response to the allegations contained in paragraph 224 of the Complaint, BOH admits the allegations in paragraph 224(e) that MISKE was not a signatory on any of the listed BOH accounts described in paragraph 224(e). BOH is without knowledge at this time sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 224 of the Complaint, and BOH therefore denies the same.

24. BOH states that the allegations in paragraph 225 of the Complaint states a legal conclusion and therefore, no response is required.

25. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 226-227 of the Complaint, and therefore denies said allegations.

26. BOH states that the allegations in paragraph 228 of the Complaint state a legal conclusion and therefore, no response is required.

27. BOH states that the allegations in paragraph 229-230 of the Complaint state a legal conclusion and therefore, no response is required.

28. In response to the allegations in paragraph 231 of the Complaint, BOH denies that Defendant Portlock Property and Defendant Kailua Property are forfeitable pursuant to the statutes cited in paragraph 231 of the Complaint, without the payment of the sums owed to BOH based on the sums loaned and advanced and secured by BOH's mortgages. BOH is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 231 of the Complaint, and BOH therefore denies the same.

29. In response to the allegations in paragraph 232 of the Complaint, BOH denies that Defendant Portlock Property is forfeitable pursuant to the statutes cited in paragraph 232 of the Complaint, without the payment of the sums owed to BOH based on the sums loaned and advanced and secured by BOH's mortgages. BOH is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations contained in paragraph 232 of the Complaint, and BOH therefore denies the same.

30. BOH denies each and every allegation of the Complaint not specifically admitted herein, including but not limited to Plaintiff's prayer for relief.

### THIRD DEFENSE

31. BOH intends to rely upon the defense that Plaintiff's Complaint does

not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" as it relates to the Defendant Portlock Property and the Defendant Kailua Property.

### FOURTH DEFENSE

32. BOH intends to rely upon the "innocent owner defense" wherein BOH had no knowledge and did not consent to the alleged use of illegally obtained proceeds and use of fraudulent information to purchase the Defendant Portlock Property and the Defendant Kailua Property.

### FIFTH DEFENSE

33. Plaintiff lacks probable cause for the forfeiture of Defendant Portlock Property and Defendant Kailua Property.

### SIXTH DEFENSE

34. Plaintiff cannot obtain forfeiture of the Defendant Portlock Property and the Defendant Kailua Property because said forfeiture would be constitutionally disproportionate and/or is barred by the prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.

### SEVENTH DEFENSE

35. Plaintiff failed to timely serve notice of its complaint for forfeiture as to the Defendant Portlock Property and the Defendant Kailua Property.

## EIGHTH DEFENSE

36. The Court does not have exclusive jurisdiction over the interests of the parties in and to the Defendant Portlock Property and the Defendant Kailua Property.

## NINTH DEFENSE

37. Plaintiff's claims are barred by the doctrine of estoppel.

## TENTH DEFENSE

38. Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH DEFENSE

39. Plaintiff's claims are barred by the doctrine of waiver.

## TWELFTH DEFENSE

40. BOH intends to rely upon the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure as it relates to the Defendant Portlock Property and the Defendant Kailua Property.

## THIRTEENTH DEFENSE

41. BOH relies on all other affirmative defenses available to it and reserves the right to assert other affirmative defenses in the event that the Complaint is amended or discovery discloses grounds for asserting additional affirmative defenses.

WHEREFORE, BOH prays for the following relief:

A. That the Complaint be dismissed against Defendant Portlock Property

and Defendant Kailua Property;

B.     That if the Complaint is not dismissed against Defendant Portlock Property and Defendant Kailua Property, that BOH's mortgages encumbering Defendant Portlock Property and Defendant Kailua Property each be deemed valid, existing and prior and superior to the interests of Plaintiff and any other party;

C.     That Bank of Hawaiʻi be entitled to credit bid towards any public or private sale of the Property;

D.     That if a forfeiture judgment is entered in favor of Plaintiff as to Defendant Portlock Property or Defendant Kailua Property, that Plaintiff's interests in said properties be subject to the mortgage liens of BOH, and if the purchaser of Defendant Portlock Property or Defendant Kailua Property at any forfeiture sale of such properties does not pay off BOH's mortgages encumbering each property, including BOH's attorneys' fees and costs, then BOH shall have the right to foreclose on its mortgages encumbering each property;

E.     That BOH be awarded its attorneys' fees and costs in this matter; and

F.     For such other and further relief as the Court deems just and proper.

  DATED: Honolulu, Hawaiʻi, April 9, 2025.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Keith Y. Yamada*
KEITH Y. YAMADA
MICHAEL R. SOON FAH
Attorneys for Claimant
BANK OF HAWAII