2091175.1
WATANABE ING LLP
A Limited Liability Law Partnership

JONATHAN W.Y. LAI        6504-0
THOMAS H. YEE            7344-0
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawaii 96813
Telephone No.: (808) 544-8300
Facsimile No.: (808) 544-8399
Email: jlai@wik.com; tyee@wik.com

Attorneys for Claimant
HAWAII CENTRAL FEDERAL CREDIT UNION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; AND<br><br>REAL PROPERTY LOCATED AT 614 PAOKANO LOOP, IN KAILUA, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; AND<br><br>$611,123.60, CONSTITUTING PROCEEDS OF THE SALE OF THE | Civil No. 25-00028 DKW-KJM<br><br>CLAIMANT HAWAII CENTRAL FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT FOR FORFEITURE FILED JANUARY 22, 2025; CERTIFICATE OF SERVICE<br><br>Judge: Hon. Kenneth J. Mansfield |

REAL PROPERTY LOCATED AT 559 KUMUKAHI PLACE, HAWAII KAI, HAWAII, TAX MAP KEY 390520260000; AND

THE "PAINKILLER", 2014 37.5- FOOT BOSTON WHALER PLEASURE CRAFT, HULL NO. BWCE1942D414, REGISTRATION NO. HA-9849-H, HELD IN THE NAME OF HAWAII PARTNERS LLC; AND

HAWAII LONGLINE LIMITED ENTRY PERMIT, ISSUED TO THE FISHING VESSEL "RACHEL", VESSEL NUMBER 1050716, HELD IN THE NAME OF KAMAAINA HOLDINGS LLC; AND

$676,785.56, CONSTITUTING PROCEEDS OF THE SALE OF THE "RACHEL", A TUNA LONGLINE FISHING VESSEL, U.S. REGISTRATION NUMBER 1050716, REGISTERD TO KAMAAINA HOLDINGS LLC; AND

2017 FERRARI F12 BERLINETTA, VIN: ZFF74UFA5H0223173, HELD IN THE NAME OF HAWAII PARTNERS LLC; AND

$81,656.56 IN FUNDS, SEIZED FROM HAWAII CENTRAL FEDERAL CREDIT UNION, ACOUNT #XXXXX075, HELD IN THE NAME OF MICHAEL J. MISKE; AND

$300,372.85 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXX415, HELD IN THE NAME OF

KAMAAINA TERMITE AND PEST CONTROL, INC.; AND

$1,063,427.35 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXXXX602, HELD IN THE NAME OF KAMAAINA TERMITE AND PEST CONTROL, INC.; AND

$206,725.80 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXX414, HELD IN THE NAME OF OAHU TERMITE AND PEST MANAGEMENT LLC, DBA OAHU TERMITE AND PEST CONTROL LLC; AND

$170,105.72 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXXXX218, HELD IN THE NAME OF OAHU TERMITE AND PEST MANAGEMENT LLC, DBA OAHU TERMITE AND PEST CONTROL LLC; AND

$22,710.48 IN FUNDS, SEIZED FROM BANK OF HAWAII, ACCOUNT #XXXXX220, HELD IN THE NAME OF KAMAAINA PLUMBING AND RENOVATIONS LLC; AND

BANK OF HAWAII CASHIER'S CHECK NO. 429111, IN THE AMOUNT OF $1,162,826.76, PAYABLE TO KAMAAINA TERMITE AND PEST CONTROL; AND

1951 VOLKSWAGEN, VIN: 10234188, HAWAII LICENSE PLATE: SYB865,

REGISTERED OWNER: HAWAII PARTNERS LLC; AND

1956 VOLKSWAGEN, VIN: 109382821, HAWAII LICENSE PLATE: 56VDUB, REGISTERED OWNER: HAWAII PARTNERS LLC; AND

1957 VOLKSWAGEN, VIN: 1529889, HAWAII LICENSE PLATE: BBYGRL, REGISTERED OWNER: HAWAII PARTENRS LLC; AND

1961 VOLKSWAGEN VAN, VIN: 685167, HAWAII LICENSE PLATE: SYB762, REGISTERED OWNER: HAWAII PARTNERS LLC; AND

1970 FORD BRONCO, VIN: U15GLG85573, HAWAII LICENSE PLATE: TTY105, REGISTERED OWNER: HAWAII PARTNERS, LLC; AND

PAINTING ENTITLED, "LUDAVICO & LUDOVICO" BY RETNA; AND

PAINTING ENTITLED, "WATERMARK" BY RETNA; AND

PAINTING ENTITLED, "FOREVER YOUNG" BY RETNA; AND

PAINTING ENTITLED, "SANGRE OSCURA" BY RETNA; AND

SCULPTURE ENTITLED, "SLICK SKULL" BY OG SLICK; AND

| |
|---|
| SCULPTURE ENTITLED, "UZI DOES IT" BY OG SLICK; AND |
| PAINTING ENTITLED, "SPEAKING IN TONGUES" BY ALEX "DEFER" KIZU; AND |
| PAINTING ENTITLED, "SPIRITUAL LANGUAGE" BY ALEX "DEFER" KIZU |
| Defendants *in Rem*. |

CLAIMANT HAWAII CENTRAL FEDERAL CREDIT UNION'S
ANSWER TO COMPLAINT FOR FORFEITURE FILED JANUARY 22, 2025

Comes now Claimant HAWAII CENTRAL FEDERAL CREDIT UNION ("HCFCU"), by and through its counsel, Watanabe Ing LLP, for an answer to that certain Complaint for Forfeiture filed January 22, 2025 (the "Complaint") by Plaintiff UNITED STATES OF AMERICA ("Plaintiff"), alleges and avers as follows:

FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim against HCFCU upon which relief can be granted.

SECOND DEFENSE

2. HCFCU states that the allegations in paragraphs 1, 30 -35, 49 – 76, 127 – 208, 210 – 223, 225 and 228 - 230 of the Complaint state a legal conclusion and therefore, no response is required.

3. HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in paragraphs 2, 4 - 9, 11 – 29, 36 – 38, 41 – 48, 77 – 126, 128, 203 – 208, 210 – 223, 224b – h, and 226 - 227 of the Complaint and therefore denies the same.

4. HCFCU admits the allegations contained in paragraph 3 of the Complaint and affirmatively alleges it claims an interest in the property situated at 6 Lumahai Street, Honolulu, Hawaii 96825, Tax Map Key No. (1) 3-9-013-033 ("Defendant Portlock Property") which is one of the subjects of this action pursuant to that certain Revolving Credit Mortgage dated June 6, 2019, which was recorded on June 14, 2019 in the Bureau of Conveyances of the State of Hawaii as Document No. A-71040275 (the "HCFCU Mortgage").  Further, HCFCU affirmatively alleges the HCFCU Mortgage is a valid lien on Defendant Portlock Property described in the HCFCU Mortgage and prior to any lien or interest therein of all parties except the first mortgage lien or interest of Plaintiff, provided that said lien or interest of Plaintiff is valid, existing and still outstanding, and only up to the amounts secured thereby.  HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations contained in paragraph 3 and therefore denies the same.

5. HCFCU admits the allegations contained in paragraph 10 of the Complaint and affirmatively alleges it holds Account No. xxxxx075 for Michael J. Miske (the "HCFCU Account").

6. With respect to the allegations contained in paragraph 39 of the Complaint, HCFCU admits that the HCFCU Mortgage is a valid lien on the Defendant Portlock Property. HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations contained in paragraph 39 and therefore denies the same.

7. With respect to the allegations contained in paragraph 40 of the Complaint, HCFCU admits that funds were seized by the government that were held in the HCFCU account. HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations contained in paragraph 40 and therefore denies the same.

8. With respect to the allegations contained in paragraph 209 of the Complaint, HCFCU holds the HCFCU Account. HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations contained in paragraph 209 and therefore denies the same.

9. With respect to the allegations contained in paragraph 224a of the Complaint, HCFCU admits that the HCFCU Mortgage is a valid lien on the Defendant Portlock Property. HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations contained in paragraph 224a and therefore denies the same.

10. With respect to the allegations in paragraph 231 of the Complaint, HCFCU denies that Defendant Portlock Property is forfeitable pursuant to the statutes cited in paragraph 231 of the Complaint, without the payment of the sums owed to HCFCU based on the sums loaned and advanced and secured by the HCFCU Mortgage. HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations contained in paragraph 231 and therefore denies the same.

11. With respect to the allegations in paragraph 232 of the Complaint, HCFCU denies that Defendant Portlock Property is forfeitable pursuant to the statutes cited in paragraph 232 of the Complaint, without the payment of the sums owed to HCFCU based on the sums loaned and advanced and secured by the HCFCU Mortgage. HCFCU is without knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations contained in paragraph 232 and therefore denies the same.

12. HCFCU hereby denies any and all allegations of the Complaint for which no specific response appears above.

## THIRD DEFENSE

13. HCFCU intends to rely upon the defense that Plaintiff's Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be

able to meet its burden of proof at trial" as it relates to Defendant Portlock Property.

## FOURTH DEFENSE

14.  HCFCU intends to rely upon the "innocent owner defense" wherein HCFCU had no knowledge and did not consent to the alleged use of illegally obtained proceeds and use of fraudulent information to purchase Defendant Portlock Property.

## FIFTH DEFENSE

15.  Plaintiff lacks probable cause for the forfeiture of Defendant Portlock Property.

## SIXTH DEFENSE

16.  Plaintiff cannot obtain forfeiture of Defendant Portlock Property because said forfeiture would be constitutionally disproportionate and/or is barred by the prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.

## SEVENTH DEFENSE

17.  Plaintiff failed to timely serve notice of its complaint for forfeiture as to Defendant Portlock Property.

## EIGHTH DEFENSE

18.  The Court does not have exclusive jurisdiction over the interests of the parties in and to Defendant Portlock Property.

## NINTH DEFENSE

19. Plaintiff's claims are barred by the doctrine of estoppel.

## TENTH DEFENSE

20. Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH DEFENSE

21. Plaintiff's claims are barred by the doctrine of waiver.

## TWELFTH DEFENSE

22. HCFCU intends to rely upon the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure as it relates to Defendant Portlock Property.

## THIRTEENTH DEFENSE

23. HCFCU relies on all other affirmative defenses available to it and reserves the right to assert other affirmative defenses in the event that the Complaint is amended or discovery discloses grounds for asserting additional affirmative defenses.

WHEREFORE, HCFCU prays that:

A. Plaintiff's Complaint filed herein be dismissed as against HCFCU.

B. If the Court orders foreclosure of Plaintiff's liens and the sale of Defendant Portlock Property, that the lien of the HCFCU Mortgage be deemed valid and existing.

      C.    That HCFCU be entitled to credit bid towards any public or private sale of Defendant Portlock Property.

      D.    That if a forfeiture judgment is entered in favor of Plaintiff as to Defendant Portlock Property, that Plaintiff's interests in said properties be subject to the mortgage lien of HCFCU, and if the purchaser of Defendant Portlock Property at any forfeiture sale of such properties does not pay off the HCFCU Mortgage encumbering Defendant Portlock Property, including HCFCU's attorneys' fees and costs, then HCFCU shall have the right to foreclose on the HCFCU Mortgage encumbering Defendant Portlock Property.

      E.    The Court award HCFCU its attorneys' fees, costs, and expenses.

      F.    The Court grant it such further relief as is deemed just and equitable.

Dated: Honolulu, Hawaii, April 21, 2025.

                                       */s/ Jonathan W.Y. Lai*
                                       JONATHAN W.Y. LAI
                                       THOMAS H. YEE
                                       Attorneys for Claimant
                                       HAWAII CENTRAL FEDERAL CREDIT UNION