IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 25-00028 DKW-KJM |
| Plaintiff, | ) ORDER DENYING MOTION TO APPOINT MAYDEEN STANCIL AS NEXT FRIEND TO N.M. AND DEEM CONCURRENTLY LODGED CLAIM AS FILED |
| vs. | |
| REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; ET AL. | |
| Defendants *in rem*. | |

ORDER DENYING MOTION TO APPOINT
MAYDEEN STANCIL AS NEXT FRIEND TO N.M.
AND DEEM CONCURRENTLY LODGED CLAIM AS FILED

On April 8, 2025, putative claimant N.M., a minor ("N.M."), filed a Motion to Appoint Maydeen Stancil as Next Friend to N.M. and Deem Concurrently Lodged Claim as Filed ("Motion"). ECF No. 26. On May 8, 2025, pursuant to the Court's request, N.M. filed a Supplemental Memorandum Regarding General Guardian of N.M. ("Supplemental Memorandum"). ECF No. 37.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, the

applicable law, and the record in this case, the Court DENIES the Motion for the reasons set forth below.

## BACKGROUND

On January 22, 2025, Plaintiff United States of America (the "Government") filed this *in rem* civil action to forfeit and condemn property that constitutes or is derived from proceeds traceable to alleged unlawful activity by Michael J. Miske, Jr. ("Mr. Miske"), and his associates. ECF No. 1. On February 25, 2025, the Government filed a Notice of Civil Forfeiture Action pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. ECF No. 11. On March 26, 2025, the Government filed a Notice of Filing Declaration of Internet Publication. ECF No. 19. On May 7, 2025, the Government filed a First Amended Complaint for Forfeiture. ECF No. 36.

On April 8, 2025, N.M.'s paternal great-grandmother, Maydeen Stancil ("Ms. Stancil"), lodged a verified claim on behalf of N.M. opposing forfeiture ("Verified Claim"). ECF No. 27. That same day, N.M. filed the Motion, seeking an order (1) appointing Ms. Stancil as N.M.'s next friend in this litigation and (2) deeming the Verified Claim filed on the date it was lodged, April 8, 2025.

## DISCUSSION

Ms. Stancil asks the Court to appoint her as N.M.'s next friend pursuant to Federal Rule of Civil Procedure 17(c)(2). Under Rule 17(c)(1), persons who have

2

been appointed to serve in a representative capacity (*i.e.*, general guardian, committee, conservator, or a "like fiduciary") can sue or defend on behalf of a minor.  Fed. R. Civ. P. 17(c)(1).  In the absence of such "a duly appointed representative," Rule 17(c)(2) authorizes a minor to sue by a "next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).  "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  *Id.*  Stated differently, appointment of a next friend under Rule 17(c)(2) is only permissible where there is no duly appointed representative under Rule 17(c)(1).

  The Motion states that N.M.'s father is deceased and N.M.'s mother is the subject of a criminal prosecution in this district court, *United States v. Delia Fabro-Miske (12)*, Case No. 1:19-cr-00099-DKW-KJM-12.  ECF No. 26 at 5.  The record in the criminal case indicates that N.M.'s maternal grandfather recently filed a petition seeking guardianship over N.M.  ECF No. 1888-2 at 4.  This suggests that N.M. may have a duly appointed representative under Rule 17(c)(1).  To determine whether the Court can grant the relief that N.M. seeks under Rule 17(c)(2), the Court issued an entering order directing N.M. to file a supplemental memorandum indicating whether N.M. has a duly appointed representative as defined in Rule 17(c)(1), by May 8, 2025.  ECF No. 35.

N.M. timely filed the Supplemental Memorandum. ECF No. 37. Therein, N.M.'s counsel states that he "has been informed that N.M.'s maternal grandfather has been granted joint guardianship of N.M. along with N.M.'s mother . . . , per Hawaii family court order, but has yet to obtain and view said order." *Id.* at 2. In light of the joint guardianship, it is still unclear whether N.M.'s maternal grandfather qualifies as an appointed representative under Rule 17(c)(1). Based on the foregoing, the Court cannot appoint Ms. Stancil as N.M.'s next friend pursuant to Rule 17(c)(2) at this time. Without a duly appointed representative, next friend, or guardian ad litem, the Court also cannot deem the Verified Claim filed on April 8, 2025, at this time.

Lastly, in the Supplemental Memorandum, N.M. requests that in light of the circumstances, "the Court order that any heir/s to [Mr. Miske] be permitted 35 days within which to file a claim." ECF No. 37 at 3 (citing Fed. R. Civ. P. Supp. G(4)(b)(i), (ii)(B) and Fed. R. Civ. P 17(c)(2)). N.M. may file an appropriate motion for such a request. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

## CONCLUSION

Based on the foregoing, the Court DENIES the Motion to Appoint Maydeen Stancil as Next Friend to N.M. and Deem Concurrently Lodged Claim as Filed (ECF No. 26). Such denial is without prejudice to refiling a motion that indicates

whether N.M. has a duly appointed representative under Federal Rule of Civil Procedure 17(c)(1).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 14, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*United States v. Real Property Located at 6 Lumahai Street in Portlock, Hawaii, Together With All Appurtenances and Improvements, et al.*, Civil No. 25-00028 DKW-KJM; Order Denying Motion to Appoint Maydeen Stancil as Next Friend to N.M. and Deem Concurrently Lodged Claim as Filed