EDWARD M. BURCH, *Pro Hac Vice*
LAW OFFICE OF MICHAEL & BURCH, LLP
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 946-8996
E-mail: edward@michaelburchlaw.com

Attorney for
Claimant The Michael J. Miske, Jr. Revocable Living Trust

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; ET AL<br><br>    Defendant *in rem*.<br>_____/<br><br>THE MICHAEL J. MISKE, JR. REVOCABLE LIVING TRUST,<br><br>    Claimant.<br>_____/ | No. 1:25-cv-00028 DKW-KJM<br><br>**CLAIMANT'S ANSWER TO FIRST AMENDED COMPLAINT FOR FORFEITURE; DEMAND FOR TRIAL BY JURY** |

Claimant The Michael J. Miske, Jr. Revocable Living Trust ("the Miske Trust") hereby answers the allegations in the government's First Amended Complaint For Forfeiture as follows:

1. In response to the allegations contained in paragraph 1 of the Amended Complaint, Claimant admits that this is a civil action *in rem* to forfeit the Defendant properties to the United States, but denies that the properties are subject to forfeiture under 18 U.S.C. § 981(a)(1) and denies that any violations of the listed statutes occurred with regard to the properties.

2. In response to the allegations contained in paragraph 2 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

3. In response to the allegations contained in paragraphs 3 through 30 of the Amended Complaint, Claimant admits the allegations contained therein (identifying the Defendant properties).

4. In response to the allegations contained in paragraphs 31 through 33 of the Amended Complaint, Claimant admits that United States district courts have jurisdiction of civil actions, suits or proceedings commenced by the United States and of forfeiture actions, specifically, and that this venue is proper because the Defendants were found within this district, but denies that any acts or omissions giving rise to forfeiture occurred in this, or any, judicial district.

5. In response to the allegations contained in paragraphs 34 through 35 of the Amended Complaint, Claimant denies the allegations contained therein.

6. In response to the allegations contained in paragraphs 36 through 47 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

7. In response to the allegations contained in paragraph 48 of the Amended Complaint, Claimant admits that on or about December 1, 2024, Michael J. Miske, Jr. died while in custody at the Bureau of Prisons. In regards to the remaining allegations contained in paragraph 48 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

8. In response to the allegations contained in paragraph 49 of the Amended Complaint, Claimant admits that this is a civil action in rem to forfeit the Defendant properties brought by the United States.

9. In response to the allegations contained in paragraphs 50 through 51 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

10. Claimant states that the allegations in paragraphs 52 through 66 of the Amended Complaint state legal conclusions and therefore, no response is required.

11. In response to the allegations contained in paragraphs 67 through 117,

Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

12. Claimant states that the allegations in paragraph 118 of the Amended Complaint state legal conclusions and therefore, no response is required.

13. In response to the allegations contained in paragraphs 119 through 154 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

14. In response to the allegations contained in paragraphs 155 of the Amended Complaint, Claimant denies that the Defendant **Kailua Property** constitutes or is traceable to proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 155 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

15. In response to the allegations contained in paragraphs 156 of the Amended Complaint, Claimant denies that the Defendant **$611,123.60 constituting proceeds of the sale of the real property located at 559 Kumukahi**

**Place, Honolulu** constitutes or is traceable to proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 156 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

16. In response to the allegations contained in paragraph 157 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

17. In response to the allegations contained in paragraph 158 of the Amended Complaint, Claimant denies that the Defendants **Hawaii Longline Limited Entry Permit issued to the fishing vessel "Rachel,"** and/or **$676,785.56 constituting proceeds of the sale of the "Rachel,"** constitute or are traceable to proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 158 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

18. In response to the allegations contained in paragraphs 157 through 167 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

19. In response to the allegations contained in paragraph 168 of the Amended Complaint, Claimant denies that **Defendant the Painkiller** was acquired with the proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents.

20. In response to the allegations contained in paragraphs 169 of the Amended Complaint, Claimant denies that the Defendant 2017 Ferrari F12 Berlinetta constitutes proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 169 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

21. In response to the allegations contained in paragraphs 170 through 194 of the Amended Complaint, Claimant denies that the Defendant properties are subject to forfeiture as proceeds of wire fraud, fraud in connection with

identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in said paragraphs of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

22. In response to the allegations contained in paragraphs 195 through 202 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

23. In response to the allegations contained in paragraphs 203 through 204 of the Amended Complaint, Claimant denies that **$611,123.60, constituting proceeds of the sale of the real property located at 559 Kumukahi Place, Honolulu** or **$676,785.56 constituting proceeds of the sale of the "Rachel"** are proceeds of a (2018) financial institution fraud.

24. In response to the allegations contained in paragraph 205 through 215 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

25. In response to the allegations contained in paragraph 216 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to

the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

26. In response to the allegations contained in paragraph 217 of the Amended Complaint, Claimant denies that the specified Defendant properties are subject to forfeiture as property involved in a conspiracy to engage in concealment money laundering transactions in violation of 18 U.S.C. § 1956(h).

27. In response to the allegations contained in paragraphs 218 through 219 of the Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

28. In response to the allegations contained in paragraph 220 of the Amended Complaint, Claimant denies that the specified Defendant properties are subject to forfeiture as property involved in a violation of 18 U.S.C. § 1956(h), a conspiracy to engage in monetary transactions in violation of 18 U.S.C. § 1957, or a transaction in violation of 18 U.S.C. § 1957.

29. In response to the allegations contained in paragraphs 221 through 224 of the Amended Complaint, Claimant denies the allegations contained therein.

30. Claimant denies each and every allegation of the Amended Complaint not specifically admitted herein, including but not limited to Plaintiff's prayer for relief.

IN ADDITION, CLAIMANT RAISES THE FOLLOWING NUMBERED DEFENSES TO THE GOVERNMENT'S FORFEITURE COMPLAINT: [1]

## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Amended Complaint on file herein, Claimant alleges that the action against some or all of the Defendants is barred by the applicable statute of limitations, including 19 U.S.C. 1621.

## SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the Defendant properties were derived from legitimate activities and were otherwise unconnected to any violations of law that would subject said properties to forfeiture, and that Plaintiff will not be able to satisfy its burden to demonstrate that that the property is substantially connected to any offense or is otherwise subject to forfeiture (18 U.S.C. § 983(c)).

//

---

[1] Claimant reserves the right to assert other affirmative defenses in the event that discovery discloses grounds for asserting additional affirmative defenses.

## THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that some or all of the Defendant properties cannot be forfeited because they include costs which cannot be forfeited and/or because claimant must be allowed a deduction from the forfeiture in regard to said property, pursuant to 18 U.S.C. § 981(a)(2).

## FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that its interest in some or all of the Defendant properties is not subject to forfeiture because it constitutes that of an innocent owner as defined by 18 U.S.C. § 983(d).

## FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture action against some or all of the Defendants is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in some or all of the Defendant properties would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 983(c)(1) and accompanying forfeiture provisions are unconstitutional and unenforceable, in that they constitute a denial of claimant's due process and equal protection rights under the United States Constitution - the procedures used to adjudicate the seizure of the property should require the government to carry its burden by either beyond a reasonable doubt or by clear and convincing evidence rather than by a preponderance of the evidence. *See, e.g., Leonard v. Texas*, 580 U.S. 847 (2017), 137 S. Ct. 848 (denying cert., Statement of J. Thomas) (No. 16-122, March 6, 2017); *Santosky v. Kramer*, 455 U.S. 745 (1982); Culley v. Marshall, 144 S. Ct. 1142, 1153 (2024) (" … this case leaves many larger questions unresolved about whether, and to what extent, contemporary civil forfeiture practices can be squared with the Constitution's promise of due process …") (J. Gorsuch joined by J. Thomas, concurring).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

11

**PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY ITS CLAIM AND ANSWER.**

WHEREFORE, Claimant THE MICHAEL J. MISKE, JR. REVOCABLE LIVING TRUST prays this Court will:

1. Dismiss plaintiff's Complaint and enter a judgment on behalf of Claimant.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from Claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that all of defendant property be released and surrendered to Claimant forthwith.

4. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to Claimant.

5. Provide such other and further relief as this court deems proper and just.

//

                                        Respectfully submitted,

20 May 2025

                                        __s/*Edward M. Burch*_____
                                        EDWARD BURCH
                                        Law Offices of Michael and Burch
                                        One Sansome Street, Suite 3500
                                        San Francisco, CA 94104
                                        Telephone: (415) 946-8996
                                        E-mail:
                                        edward@michaelburchlaw.com

                                        Attorney for Claimant
                                        THE MICHAEL J. MISKE, JR.
                                        REVOCABLE LIVING TRUST