KENNETH M. SORENSON
United States Attorney
District of Hawaii

AISLINN K. AFFINITO
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email:   Aislinn.Affinito@usdoj.gov

MARGARET A. MOESER
Chief, Money Laundering, Narcotics
and Forfeiture Section, Criminal
Division, U.S. Department of Justice

STEPHANIE WILLIAMSON
Trial Attorney
1400 New York Ave. NW
Third Floor
Washington, DC 20005
Telephone: (202) 514-1263
Facsimile: (202) 428-6957
Email:
Stephanie.Williamson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     vs.<br><br>REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; ETC.,<br><br>                    Defendants *in Rem*. | Case No. CV25-00028-DKW-KJM<br><br>STIPULATION FOR ADDITIONAL CONTINUANCE OF RULE 16 CONFERENCE; ORDER |
| THE MICHAEL J. MISKE, JR. REVOCABLE LIVING TRUST,<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, | |

|  |
|---|
| HAWAII CENTRAL FEDERAL CREDIT UNION, <br><br> BANK OF HAWAII, <br><br>            Claimants. |

      Plaintiff United States of America, with Claimant The Michael J. Miske, Jr. Revocable Living Trust (the "Miske Trust"), Claimant Bank of Hawaii ("BOH"), Claimant U.S. Bank Trust National Association ("USBTNA"), and Claimant Hawaii Central Federal Credit Union ("HCFCU"), hereby stipulate to an additional three-month continuance of the Rule 16 scheduling conference, currently scheduled for March 2, 2025 at 9:30 AM, before Hon. Kenneth J. Mansfield, and in support submit as follows:

      1.    On January 22, 2025, Plaintiff filed a complaint for forfeiture *in rem* against 27 defendant properties associated with the late Michael J. Miske, Jr. and/or entities related to him. (ECF No. 1.) The factual basis for said forfeiture action includes conduct spanning over a decade, and involves many individuals and entities. Litigation of such claims will involve extensive discovery.

      2.    On January 23, 2025, the Court entered an order setting a telephonic Rule 16 scheduling conference for 9:30 a.m. on March 24, 2025 before Magistrate Judge Kenneth J. Mansfield. (ECF No. 8.)

3. On February 21, 2025, the Court granted the United States' request for a continuance of the Rule 16 conference to allow time for service of the complaint (and associated required documents), as well as for responsive claims opposing forfeiture, per applicable rules of procedure. The Court continued the Rule 16 conference until June 26, 2025 at 9:00 a.m. (ECF No. 9.)

4. Subsequently, the Miske Trust entered the case by filing a claim opposing forfeiture as to all twenty-seven of the defendant properties. (ECF No. 24.) USBNTA, BOH, and HCFCU filed claims opposing forfeiture of the defendant real properties against which they had recorded mortgages. (ECF Nos. 17, 18, 25.)

5. On May 7, 2025, the United States filed an Amended Complaint for Forfeiture. (ECF No. 36.)

6. On June 9, 2025, the Court granted the parties' request for a 5-month continuance of the Rule 16 conference, to allow the parties time to pursue a resolution of the matter before engaging in formal discovery. The Court continued the Rule 16 conference until December 1, 2025.

7. On October 30, 2025, the United States made a tentative initial settlement offer to the Miske Trust, subject to required Department of Justice ("DOJ") approvals.

8. On November 6, 2025, the Court granted the parties' request for a 3-month continuance of the Rule 16 conference, to allow the parties time to pursue a resolution of the matter before engaging in formal discovery. The Court continued the Rule 16 conference until March 2, 2026.

9. Since that time, counsel for Plaintiff and for the Miske Trust have been in contact about various issues in the case, and believe that an additional 3-month continuance would be beneficial in allowing the parties to work on a stipulated resolution of this matter that would avoid formal discovery (there are several terabytes of discovery), contested motions, and court intervention.

10. Since the prior continuance, the Miske Trust and the United States have continued to work on a procedure, that will be agreeable to both parties, to complete the interlocutory sale and substitution of res as to multiple of the non-currency defendant properties, in an effort to preserve their respective values. *See, e.g.*, Rule G(7)(b)(i) (on motion, court may order interlocutory sale and substitution of res if property "is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; [or] (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; [or] (C) the property is subject to a mortgage or to taxes on which the owner is in default …").

11. Counsel for the Miske Trust made a counter-settlement proposal to the United States on November 11, 2025, which offer was discussed and rejected by the United States on February 3, 2026 during a telephonic conference between the parties. The United States and the Miske Trust are still engaged in discussions to potentially reach a settlement in this matter.

12. The United States and BOH, USBTNA, and HCFCU are still engaged in discussions regarding potential settlements of their respective claims as to the defendant real properties.

13. On February 3, 2026, the counsel for the United States conferred with counsel for the Miske Trust, BOH, USBTNA, and HCFCU regarding the United States's intent to file a motion for leave to amend its civil forfeiture complaint to add two new bases for forfeiture. Counsel for the United States also advised the parties that it intends to file a motion to stay the civil action because the new bases for forfeiture are based upon evidence uncovered in a pending criminal investigation. In light of these upcoming motions, which may affect the status of the civil action and/or discovery, the parties have agreed to stipulate to a continuance of the Rule 16 scheduling conference to allow time for the Court's resolution of the United States's planned motions.

14. The Parties submit that they will continue to work diligently to resolve these claims, and that being allowed to do so before a Rule 16 order issues

and formal discovery begins will serve judicial economy and conservation of resources of all concerned, and thereby constitutes good cause for the requested continuance.

15.   THEREFORE, counsel for the above parties stipulate to and request that the Court enter an order continuing the telephonic Rule 16 scheduling conference from 9:30 a.m. on March 2, 2026 until a time convenient for the Court on or after June 1, 2026.

                                                    Respectfully submitted,

Dated: February 5, 2026

KENNETH M. SORENSON
United States Attorney
District of Hawaii


   /s/ Aislinn Affinito
AISLINN K. AFFINITO
Assistant United States Attorney

STEPHANIE WILLIAMSON
Trial Attorney, Money Laundering,
Narcotics and Forfeiture Section, Criminal
Division, U.S. Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: February 5, 2026         /s/ Edward M. Burch
                                               EDWARD M. BURCH
                                               Law Offices of Michael and Burch
                                               Attorney for Claimant The Michael J. Miske, Jr. Revocable Living Trust

Dated: February 5, 2026         /s/ Charles Prather
                                               CHARLES PRATHER
                                               TMLF Hawaii
                                               Attorney for Claimant U.S. BANK TRUST NATIONAL ASSOCIATION

Dated: February 5, 2026

                                               /s/ Thomas Yee
                                               JONATHAN LAI
                                               THOMAS YEE
                                               WATANABE ING LLP
                                               Attorney for Claimant HAWAII CENTRAL FEDERAL CREDIT UNION

Dated: February 5, 2026

                                               /s/ Keith Y. Yamada
                                               KEITH Y. YAMADA
                                               Attorney for Claimant BANK OF HAWAII

APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, February 5, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*United States v. 6 Lumahai Street, etc.*, Civ. No. 25-00028 DKW-KJM; STIPULATION FOR ADDITIONAL CONTINUANCE OF RULE 16 CONFERENCE; ORDER