KENNETH M. SORENSON
United States Attorney
District of Hawaii

AISLINN K. AFFINITO
JOSEPH MCGINLEY
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email:   Aislinn.Affinito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MARGARET A. MOESER
Chief, Money Laundering, Narcotics
and Forfeiture Section
Criminal Division, U.S. Department of
Justice

STEPHANIE WILLIAMSON
Trial Attorney
1400 New York Ave. NW
10th Floor
Washington, DC 20005
Telephone: (202) 514-1263
Facsimile: (202) 428-6957
Email:
Stephanie.Williamson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; ETC.,<br><br>                    Defendants *in Rem*.<br><br>THE MICHAEL J. MISKE, JR. REVOCABLE LIVING TRUST, | Civil No. 25-00028-DKW-KJM<br><br>MOTION FOR LEAVE TO AMEND CIVIL FORFEITURE COMPLAINT; [PROPOSED] SECOND AMENDED CIVIL FORFEITURE COMPLAINT; VERIFICATION OF GREGORY L. TURNER; EXHIBITS "A" AND "B"; REDLINE; [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO AMEND CIVIL FORFEITURE COMPLAINT; CERTIFICATE OF SERVICE |

U.S. BANK TRUST NATIONAL
ASSOCIATION,

HAWAII CENTRAL FEDERAL
CREDIT UNION,

BANK OF HAWAII,

         Claimants.

## MOTION FOR LEAVE TO AMEND CIVIL FORFEITURE COMPLAINT

The United States of America, through its undersigned attorneys, hereby moves this Court for leave to file the attached Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and LR7.1 and LR10.4.  This motion is made following conferences of counsel pursuant to LR7.8 which took place on February 3, 2026.  The parties were unable to reach a resolution that would eliminate the necessity for a motion.  The United States seeks to amend its Amended Complaint to add obstruction of justice as a basis for civil forfeiture of the Defendant Properties based on allegations regarding Michael Miske, Jr.'s obstruction and attempted obstruction of an official proceeding and the administration of justice.

As explained in more detail below, courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and requests for leave to amend "should be granted with 'extreme liberality.'"  *Moss v. U.S. Secret Serv*., 572 F.3d 962, 972 (9th Cir. 2009).

2

## I.  Procedural History

On January 22, 2025, the United States filed its Complaint for Forfeiture. ECF No. 1.  The United States timely provided notice of the Complaint for Forfeiture by sending direct notice to known potential claimants and by posting notice on an official internet government forfeiture site.  ECF Nos. 11 & 19. Claimants Bank of Hawaii, U.S. Bank Trust National Association, The Michael J. Miske, Jr. Revocable Living Trust, and Hawaii Central Federal Credit Union filed verified claims.[1]  ECF Nos. 17 (BOH), 18 (U.S. Bank), 24 (Trust), & 25 (HCFCU). The United States filed an Amended Complaint on May 7, 2025, after the Court granted a one-week extension of its deadline to file an amended complaint.  ECF Nos. 36 (Amended Complaint); 34 (Order).

The Court set the Rule 16 scheduling conference for March 24, 2025, which was continued until June 26, 2025 at the request of the United States.  ECF Nos. 7 & 10.  At the request of all the parties, the Court continued the Rule 16 conference to December 1, 2025, and further continued the Rule 16 conference to March 2, 2026.  ECF Nos. 43 & 50.  During the week of February 2, 2026, the United States notified the claimants of its intent to seek leave to file a Second Amended Complaint.  The parties then requested and this Court granted an additional

---

[1] N.M., a minor, also filed a Motion to Appoint Maydeen Stancil as Next Friend to N.M. and Deem Concurrently Lodged Claim as Filed, accompanied by a verified claim, ECF Nos. 26 & 27, but the Court denied N.M.'s motion.  *See* ECF No. 38.

continuance of the Rule 16 conference, which is currently scheduled for June 1, 2026.  ECF No. 54.

## II.    Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that for a pleading not being amended as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  When evaluating a request to amend a pleading, courts in the Ninth Circuit weigh five factors: "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility."  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 192 (1962)).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Schwartz v. D Miller, P.A.*, 153 F.4th 918, 933 (9th Cir. 2025) (holding if the claims a plaintiff seeks to add "would not greatly alter the nature of the litigation or require [the non-moving party] to undertake, at a late hour, an entirely new course," leave to amend is appropriate).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Courts weigh the undue prejudice factor more heavily than the other *Foman* factors.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 2010).  The party opposing amendment has the burden to prove prejudice.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Courts generally find that undue prejudice does not arise early in the discovery phase when no trial date is pending.  *See, e.g.*, *DCD Programs*, *Ltd. v. Leighton,* 833 F.2d 183, 187-88 (9th Cir. 1987); *United States v. 15607 E. Girard Place, Aurora, CO*, No. 1:20-cv-00304-RM-KLM, 2021 WL 4264065, *4–6 (D. Colo. Sept. 20, 2021) (granting government's motion to amend complaint to add additional forfeiture theory because claimant would suffer no undue prejudice when litigation was in early stages of discovery, no depositions had been taken, and no trial date set); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed."); *United States v. Wells Fargo Bank, N.A.*, No. 09–C–1016, 2010 WL 4782774, *2 (E.D. Wis. Nov. 16, 2010) (allowing government to amend complaint to add theories of forfeiture; when discovery is still ongoing, such amendments do not prejudice claimant); *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007) (collecting cases).

To evaluate undue delay, the Ninth Circuit has considered, for example, whether the motion to amend comes after a scheduling order deadline has passed, whether the information underpinning the proposed amendment was available before the deadline to amend or any prior amended complaint, and whether there is an explanation for any delay that may have occurred. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Delay on its own is relevant but not sufficient to deny leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Dilatory motive, like undue delay, tends to arise from actions to unnecessarily prolong litigation. For example, the Seventh Circuit upheld a trial court's denial of leave to amend based in part on dilatory motive when plaintiffs moved for leave to file a third amended complaint adding a RICO theory, which the trial court characterized as "new complex and serious charges," to its allegations of aiding and abetting a securities law violation when both allegations arose from the same conduct and discovery was set to close in advance of the approaching trial date. *Ferguson v. Roberts*, 11 F.3d 696, 706-07 (7th Cir. 1993).

Amending a complaint is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Mo. Ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (upholding denial of leave to amend based on futility when plaintiffs tried to cure

standing defect using events that occurred after litigation commenced). Courts rarely deny motions for leave to amend on futility grounds. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

### III.   Analysis

Here, the United States seeks leave to amend to add an additional basis for forfeiture for the Defendant Properties arising from events that occurred mere weeks before it filed the initial complaint, as well as information first obtained months after the initial complaint was filed. Analysis of the *Foman* factors unequivocally weighs in favor of allowing the amendment.

#### A.   Undue prejudice does not arise from the proposed amendment.

None of the claimants will experience undue prejudice as a result of the proposed Second Amended Complaint. The litigation has not entered formal discovery yet and does not have a trial date pending, so each claimant will have the opportunity to conform its discovery strategy to the pre-existing and newly-alleged bases for forfeiture in the proposed Second Amended Complaint. The amendment has no impact on whether the parties may seek interlocutory sales of Defendant Properties or settlement agreements. This Court should find the undue prejudice factor militates in favor of granting leave to amend.

#### B.   All of the other factors also favor leave to amend.

The evidence supporting the amendment has arisen from an ongoing

criminal investigation that continues to develop, so there is no undue delay.  In addition, there is no scheduling order that sets a deadline to amend or discovery timetable, further supporting a finding that undue delay has not occurred.

Likewise, the proposed amendment is not an effort to unnecessarily prolong the litigation by extending discovery or continuing a pending trial date.  It arises from conduct that is related to the events described in the Amended Complaint but that occurred later in time.  That newer conduct is still under investigation.  There is no dilatory motive or bad faith.

The motion to amend does not arise from an effort to cure a deficiency, but rather from evidence discovered during the course of a criminal investigation supporting an alternate basis for forfeiture.  This includes evidence obtained for the first time after the filing of the First Amended Complaint on May 7, 2025, including evidence discovered in late 2025.  The criminal investigation is still ongoing and currently uncharged.  As such, there is no repeated failure to cure pleading deficiencies, and this factor weighs in favor of leave to amend as well.

Finally, the proposed amendment is not futile.  The proposed Second Amended Complaint articulates an additional basis for forfeiture, and courts favor adjudication of claims on the merits.  *See DCD Programs*, 833 F.2d at 186 ("In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or

technicalities.'").

## IV.   CONCLUSION

Each of the factors in the Rule 15 amendment analysis clearly supports granting leave to amend, and amendment is consistent with the preference for adjudication of claims on the merits.  For all these reasons, the Court should grant the United States's motion for leave to file its Second Amended Complaint.

DATED:  March 9, 2026, at Honolulu, Hawaii

Respectfully submitted,

KENNETH M. SORENSON
United States Attorney
District of Hawaii

By: */s/  Aislinn Affinito*
Aislinn K. Affinito
Joseph McGinley
Assistant U.S. Attorneys

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section, Criminal Division

By: */s/ Stephanie Williamson*
Stephanie Williamson
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA