EDWARD M. BURCH, *Pro Hac Vice*
LAW OFFICE OF MICHAEL & BURCH, LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 946-8996
E-mail: edward@michaelburchlaw.com

Attorney for
Claimant The Michael J. Miske, Jr. Revocable Living Trust

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; ET AL.,<br><br>Defendant *in rem*.<br>______________________________<br><br>THE MICHAEL J. MISKE, JR. REVOCABLE LIVING TRUST,<br><br>Claimant.<br>______________________________ | **No. 1:25-cv-00028 DKW-KJM**<br><br>**CLAIMANT'S ANSWER TO SECOND AMENDED COMPLAINT FOR FORFEITURE;**<br>**DEMAND FOR TRIAL BY JURY** |

Claimant The Michael J. Miske, Jr. Revocable Living Trust ("the Miske Trust") is an irrevocable trust, for the benefit of its beneficiary, minor N.M. The Miske Trust is title and/or legal owner of all Defendant properties, and has a right to administer and otherwise distribute said property to its beneficiary at the

appropriate time according to the provisions of the operative Trust document/s. The Miske Trust hereby answers the allegations in the government's Second Amended Complaint For Forfeiture as follows:

1. In response to the allegations contained in paragraph 1 of the Second Amended Complaint, Claimant admits that this is a civil action in rem to forfeit the Defendant Properties to the United States, but denies that the properties are subject to forfeiture under 18 U.S.C. § 981(a)(1) and denies that any violations of the listed statutes occurred with regard to the properties.

2. In response to the allegations contained in paragraph 2 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

3. In response to the allegations contained in paragraphs 3 through 30 of the Second Amended Complaint, Claimant admits the allegations contained therein (identifying the Defendant Properties).

4. In response to the allegations contained in paragraphs 31 through 33 of the Second Amended Complaint, Claimant admits that United States district courts have jurisdiction of civil actions, suits or proceedings commenced by the United States and of forfeiture actions, specifically, and that this venue is proper

because the Defendants were found within this district, but denies that any acts or omissions giving rise to forfeiture occurred in this, or any, judicial district.

5. In response to the allegations contained in paragraphs 34 through 35 of the Second Amended Complaint, Claimant denies the allegations contained therein.

6. In response to the allegations contained in paragraphs 36 through 47 of the Second Amended Complaint, Claimant admits that KTPC provided legitimate termite and pest control services, and that on July 15, 2020, the government seized the Defendant Properties identified in paragraphs 10 through 15 above (funds seized from various bank accounts), the Hawaii Longline Entry Permit for the fishing vessel "Rachel", and the Defendant Ferrari, the Defendant Properties identified in paragraphs 17 through 21 (various vehicles) and the Defendant Properties identified in paragraphs 22 through 29 (various pieces of artwork). Further, Claimant admits – to the extent that the paragraphs indicate that certain judicial documents were filed in the related but voided criminal action – that those certain documents were filed and speak for themselves. In regards to the remaining allegations contained in said paragraphs of the Second Amended Complaint, to the extent that they are factual allegations, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

7. In response to the allegations contained in paragraph 48 of the Second Amended Complaint, Claimant admits that the Court set MISKE's sentencing for January 30, 2025, and that on or about December 1, 2024, Michael J. Miske, Jr. died while in custody at the Bureau of Prisons.

8. In response to the allegations contained in paragraph 49 of the Second Amended Complaint, Claimant admits that this is a civil action in rem to forfeit the Defendant Properties brought by the United States.

9. In response to the allegations contained in paragraphs 50 through 51 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

10. Claimant states that the allegations in paragraphs 52 through 66 of the Second Amended Complaint set forth legal conclusions and therefore no response is required.

11. In response to the allegations contained in paragraphs 67 through 117 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

12. Claimant states that the allegations in paragraph 118 of the Second Amended Complaint state legal conclusions and therefore no response is required.

13. In response to the allegations contained in paragraphs 119 through 154 of the Second Amended Complaint, Claimant denies that all proceeds generated by the Miske companies are subject to forfeiture, denies that Defendant Portlock Property constitutes proceeds of wire fraud, fraud in connection with identification documents, and conspiracy to commit wire fraud and fraud in connection with identification documents, and, as to the remaining allegations, lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

14. In response to the allegations contained in paragraph 155 of the Second Amended Complaint, Claimant denies that the Defendant **Kailua Property** constitutes or is traceable to proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 155 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

15. In response to the allegations contained in paragraph 156 of the Second Amended Complaint, Claimant denies that the **Defendant $611,123.60 constituting proceeds of the sale of the real property located at 559 Kumukahi**

**Place, Honolulu** constitutes or is traceable to proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 156 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

16. In response to the allegations contained in paragraph 157 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

17. In response to the allegations contained in paragraph 158 of the Second Amended Complaint, Claimant denies that the Defendants **Hawaii Longline Limited Entry Permit issued to the fishing vessel "Rachel,"** and/or **$676,785.56 constituting proceeds of the sale of the "Rachel,"** constitute or are traceable to proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 158 of the Second Amended Complaint, Claimant lacks sufficient

information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

18. In response to the allegations contained in paragraphs 159 through 167 of the Second Amended Complaint, Claimant denies that funds in the Kamaaina Holdings' Bank of Hawaii Account #XXXXXXX671 or the fishing vessel Rachel, were derived from property that constituted the proceeds of wire fraud, fraud in connection with identification documents, and conspiracy to commit wire fraud and fraud in connection with identification documents. In regards to the remaining allegations contained in paragraphs 159 through 167 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

19. In response to the allegations contained in paragraph 168 of the Second Amended Complaint, Claimant denies that the Defendant **the Painkiller** was acquired with the proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents.

20. In response to the allegations contained in paragraph 169 of the Second Amended Complaint, Claimant denies that the Defendant **2017 Ferrari F12 Berlinetta** constitutes proceeds of wire fraud, fraud in connection with

identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in paragraph 169 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

21. In response to the allegations contained in paragraphs 170 through 194 of the Second Amended Complaint, Claimant denies that the Defendant Properties are subject to forfeiture as proceeds of wire fraud, fraud in connection with identification documents, or conspiracy to commit wire fraud or fraud in connection with identification documents. In regards to the remaining allegations contained in said paragraphs of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

22. In response to the allegations contained in paragraphs 195 through 202 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

23. In response to the allegations contained in paragraphs 203 through 204 of the Second Amended Complaint, Claimant denies that **$611,123.60, constituting proceeds of the sale of the real property located at 559 Kumukahi**

**Place, Honolulu or $676,785.56 constituting proceeds of the sale of the "Rachel"** are proceeds of a (2018) financial institution fraud.

24. In response to the allegations contained in paragraphs 205 through 210 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

25. In response to the allegations contained in paragraph 211 through 216 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

26. In response to the allegations contained in paragraph 217 of the Second Amended Complaint, Claimant denies that the specified Defendant Properties are subject to forfeiture as property involved in a conspiracy to engage in concealment money laundering transactions in violation of 18 U.S.C. § 1956(h).

27. In response to the allegations contained in paragraphs 218 through 219 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of allegations contained therein, and on those grounds, denies each and every allegation contained therein.

28. In response to the allegations contained in paragraph 220 of the Second Amended Complaint, Claimant denies that the specified Defendant

Properties are subject to forfeiture as property involved in violation of 18 U.S.C. § 1956(h), a conspiracy to engage in monetary transactions in violation of 18 U.S.C. § 1957, or a transaction in violation of 18 U.S.C. § 1957.

29. In response to the allegations contained in paragraph 221 of the Second Amended Complaint, Claimant denies the allegations contained therein.

30. In response to the allegations contained in paragraph 222 of the Second Amended Complaint, Claimant admits that following MISKE's criminal convictions in *United States v. Miske, et al*., No. 1:19-cr-00099 (D. Haw.), a criminal forfeiture trial began as to the specific property identified in the December 4, 2023 Bill of Particulars; that on July 24, 2024, and a federal jury found the properties identified in the December 4, 2023 Bill of Particulars forfeitable as property constituting or derived from proceeds that MISKE obtained directly or indirectly from racketeering activity in violation of 18 U.S.C. § 1962 – these proceedings were abated *ab initio* as to Miske by the District Court by operation of the Court's February 18, 2025 Order. In regards to the remaining allegations contained in paragraph 222 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

31. In response to the allegations contained in paragraph 223 of the Second Amended Complaint, Claimant admits that on or about September 15,

2024, MISKE made certain changes to the Michael J. Miske, Jr. Revocable Living Trust. Claimant denies that those changes included or constituted an in fact or legal attempt to transfer the Defendant Properties into the Miske Trust, denies the government's characterization of the purpose and legal effect of those changes, including to the extent that the paragraph suggests that the Trust or Miske did not already own certain specified Defendant properties, and denies that the amendment removed several individuals as beneficiaries of the Miske Trust resulting in N.M. becoming the sole remaining beneficiary of the Miske Trust. [1]

32. In response to the allegations contained in paragraph 224 of the Second Amended Complaint, Claimant admits that the Court set MISKE's sentencing for January 30, 2025, that MISKE died on or about December 1, 2024, and that the District Court abated the criminal proceedings *ab initio* as to Miske on February 18, 2025. In regards to the remaining allegations contained in paragraph 224 of the Second Amended Complaint, Claimant lacks sufficient information to

[1] In fact, N.M. was designated the Trust's primary beneficiary in 2016. Doc. 24-3, filed 04/01/25, Page 26 of 64, PageID 398. Further, under the Trust document in effect since 2016, two other individuals each would be entitled to small non-specific cash distributions upon Miske's death, and the 2024 Amendment indicates that one was no longer entitled to any such distribution while the other remained so entitled, but that entitlement was contingent on a successful "appeal" of Miske's (a) criminal conviction and (b) yet to occur criminal forfeiture. Doc. 24-4, filed 04/01/25, Page 1 of 5, PageID 437.

form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

33. In response to the allegations contained in paragraph 225 through 228 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

34. In response to the allegations contained in paragraph 229 of the Second Amended Complaint, Claimant admits that on July 24, 2024, a federal jury found certain of the Defendant Properties forfeitable, but emphasizes that the properties were never forfeited and the proceedings were abated. Claimant denies that the Defendant Properties are "proceeds of MISKE's obstruction and attempted obstruction of the Criminal Forfeiture Proceeding and the administration of justice, and conspiracy to do the same, in violation of 18 U.S.C. §§ 371, 1503, 1512(c)(2), and/or 1512(k)," and denies that any alleged obstruction " thwarted the government's effort to obtain title to the assets subject to forfeiture because it terminated the Criminal Forfeiture Proceeding."

35. In response to the allegations contained in paragraph 230 of the Second Amended Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

36. In response to the allegations contained in paragraph 231 through 232 of the Second Amended Complaint, Claimant denies the allegations contained therein.

37. In response to the allegations contained in paragraph 233-236 of the Second Amended Complaint (First Claim for Relief), the paragraphs state legal conclusions to which no answer is required. (To the extent that the paragraphs state any facts, Claimant incorporates by reference all preceding admissions, denials, and averments as if fully set forth herein, and denies each and every allegation not specifically admitted.)

IN ADDITION, CLAIMANT RAISES THE FOLLOWING NUMBERED DEFENSES TO THE GOVERNMENT'S FORFEITURE COMPLAINT: [2]

FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Second Amended Complaint on file herein, Claimant alleges that some or all claims against some or all of the Defendants is barred by the applicable statute of limitations, including 19 U.S.C. § 1621.

[2] Claimant reserves the right to assert other affirmative defenses in the event that discovery discloses grounds for asserting additional affirmative defenses.

SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Second Amended Complaint on file herein, Claimant alleges that the Defendant Properties were derived from legitimate activities and were otherwise unconnected to any violations of law that would subject said properties to forfeiture, and that Plaintiff will not be able to satisfy its burden to demonstrate that the property is substantially connected to or obtained from any offense, or is otherwise subject to forfeiture (18 U.S.C. § 983(c)).

THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Second Amended Complaint on file herein, Claimant alleges that some or all of the Defendant Properties cannot be forfeited because they include costs which cannot be forfeited and/or because Claimant must be allowed a deduction from the forfeiture in regard to said property, pursuant to 18 U.S.C. § 981(a)(2).

FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Second Amended Complaint on file herein, Claimant alleges that its interest in some or all of the Defendant Properties is not subject to forfeiture because it constitutes that of an innocent owner as defined by 18 U.S.C. § 983(d).

FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Second Amended Complaint on file herein, Claimant alleges that the government's forfeiture action against some or all of the Defendants is void and unenforceable as violative of the United States Constitution, in that the forfeiture of Claimant's interest in some or all of the Defendant Properties would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution (18 U.S.C. § 983(g)).

SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Second Amended Complaint on file herein, Claimant alleges that 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 983(c)(1) and accompanying forfeiture provisions are unconstitutional and unenforceable, in that they constitute a denial of Claimant's due process and equal protection rights under the United States Constitution – the procedures used to adjudicate the seizure of the property should require the government to carry its burden by either beyond a reasonable doubt or by clear and convincing evidence rather than by a preponderance of the evidence. *See, e.g., Leonard v. Texas*, 580 U.S. 847 (2017), 137 S. Ct. 848 (denying cert., Statement of J. Thomas) (No. 16-122, March 6, 2017); *Santosky v. Kramer*, 455 U.S. 745 (1982); *Culley v. Marshall*, 144 S. Ct. 1142, 1153 (2024).

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY ITS CLAIM AND ANSWER.

WHEREFORE, Claimant THE MICHAEL J. MISKE, JR. REVOCABLE LIVING TRUST prays this Court will:

1. Dismiss plaintiff's Second Amended Complaint and enter a judgment on behalf of Claimant.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from Claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that all of the Defendant Properties be released and surrendered to Claimant forthwith.

4. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to Claimant.

5. Provide such other and further relief as this court deems proper and just.

//

//

Respectfully submitted,

June 30, 2026

__s/*Edward M. Burch*___________
EDWARD BURCH

Law Offices of Michael and Burch, LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 946-8996
E-mail: edward@michaelburchlaw.com

Attorney for Claimant
THE MICHAEL J. MISKE, JR.
REVOCABLE LIVING TRUST