KENNETH M. SORENSON
United States Attorney
District of Hawaii

AISLINN K. AFFINITO
JOSEPH M. MCGINLEY
JONATHAN SLACK
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Emails: Aislinn.Affinito@usdoj.gov
Joseph.McGinley@usdoj.gov
Jonathan.Slack@usdoj.gov

MARGARET A. MOESER
Chief, Money Laundering, Narcotics
and Forfeiture Section
Criminal Division, U.S. Department of
Justice

STEPHANIE WILLIAMSON
Trial Attorney
1400 New York Ave. NW
10th Floor
Washington, DC 20005
Telephone: (202) 514-1263
Facsimile: (202) 428-6957
Email:
Stephanie.Williamson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 6 LUMAHAI STREET IN PORTLOCK, HAWAII, TOGETHER WITH ALL APPURTENANCES AND IMPROVEMENTS; ETC.,<br><br>Defendants *in Rem*. | Civil No. 25-00028-DKW-KJM<br><br>UNITED STATES' SUPPLEMENT TO ECF NO. 92, MOTION TO SEAL AND FILE EX PARTE UNITED STATES' STATUS UPDATE REGARDING CRIMINAL INVESTIGATION |
| THE MICHAEL J. MISKE, JR. | |

REVOCABLE LIVING TRUST,

U.S. BANK TRUST NATIONAL ASSOCIATION,

HAWAII CENTRAL FEDERAL CREDIT UNION,

BANK OF HAWAII,

Claimants.

**UNITED STATES' SUPPLEMENT TO ECF NO. 92, MOTION TO SEAL AND FILE EX PARTE UNITED STATES' STATUS UPDATE REGARDING CRIMINAL INVESTIGATION**

The United States of America, by its undersigned counsel, respectfully submits this Supplement to its prior Motion to Seal and File Ex Parte United States' Status Update Regarding Criminal Investigation, ECF No. 92. The government sustains its request from that prior Motion for this Honorable Court to grant the government leave to submit the unredacted Status Update ex parte, under seal for the Court's review.

## I. BACKGROUND

On May 26, 2026, the Court ordered the government to provide written, quarterly status updates on the criminal investigation related to the instant forfeiture matter. The Court further ordered that such updates "may be filed under seal, as appropriate." ECF No. 79. The government subsequently filed its Motion to Seal and File Ex Parte United States' Status Update Regarding Criminal

Investigation, ECF No. 92. On August 31, 2026, the Court issued an Entering Order directing the government to submit a supplemental brief (to the Motion to Seal) addressing the Ninth Circuit's "compelling reasons" standard and whether targeted redactions constituted a less restrictive alternative to outright sealing. ECF No. 93 (citing *Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024), and *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

## II. DISCUSSION

"Under the First Amendment, 'the press and the public have a presumed right of access to court proceedings and documents.'" *Maile*, 117 F.4th at 1204 (quoting *Oregonian*, 920 F.2d at 1465). However, that right of access does not attach to every judicial proceeding or court record. *Id.* (citing *Forbes Media LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023)). "[W]here the First Amendment right of access attaches, and 'the State attempts to deny [that] right of access,' 'it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.'" *Id.* (quoting *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606–07 (1982)).

Concurrent with this filing, the government has submitted a Redacted Status Update, ECF No. 96. That redacted version of the government's Status Update uses targeted redactions to preserve the government's core secrecy interests while

also maximizing public access. Such an approach is consistent with Ninth Circuit decisions that favor redaction over categorical sealing when feasible. *See Maile*, 117 F.4th at 1211.

The redacted portions contain granular details of an ongoing criminal investigation. Public disclosure would reveal the scope and contours of that investigation, particularly who is a target, the government's emphasis in the investigation, and what evidence is being pursued. The ongoing investigation relates to a prior case litigated in this District. That prior case and the ongoing investigation partially overlap in terms of targets, subjects, and witnesses. That prior case featured witness intimidation and tampering, obstruction of justice, and significant security and safety concerns with respect to the defendants and witnesses connected to the prior litigation.[1] The information redacted in the Redacted Status Update would, if revealed to the public, enable targets or subjects to obstruct the investigation, destroy or tamper with evidence, and interfere with witnesses.

The Ninth Circuit recognizes those interests as "compelling" and has upheld

---

[1] *See, e.g.*, Trial Tr. Day 50 at 79–82, *United States v. Miske*, No. CR19-99 DKW-KJM (ECF No. 1605) (testimony regarding use of proffer session memoranda to intimidate witness Jacob Smith); Trial Tr. Day 12 at 98–100, *United States v. Miske*, No. CR19-99 DKW-KJM (ECF No. 1594) (testimony regarding attempted witness intimidation and tampering of Preston Kimoto); Special Verdict Form at PageID.21832–33, *United States v. Miske*, No. CR19-99 DKW-KJM (ECF No. 1717) (convictions for obstruction of justice).

sealing when disclosure would expose investigative methods, alert fugitives or targets, compromise sources, or otherwise jeopardize ongoing investigations. *See, e.g., Forbes Media*, 61 F.4th at 1081–86; *Times Mirror Co. v. United States*, 873 F.2d 1210, 1215–19 (9th Cir. 1989) ("For these reasons, we hold that the First Amendment does not establish a qualified right of access to search warrant proceedings and materials while a pre-indictment investigation is still ongoing. . . . [W]hatever the social utility of open warrant proceedings and materials while a pre-indictment investigation is ongoing, we believe it would be outweighed by the substantial burden openness would impose on government investigations.").

The Redacted Status Update contains redacts only what is necessary to avoid the concrete harms identified above, making it the least-restrictive means available under governing Ninth Circuit precedent. *See Maile*, 117 F.4th at 1211. Immediately following this submission, the government will submit a Sealed Ex Parte Supplement to Motion to Seal that provides additional support for the redacted portions.

///

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the Motion to Seal (ECF No. 92) as supplemented, accept the Redacted Status Update (ECF No. 96) for the public docket, and permit the forthcoming Sealed Ex Parte Supplement to Motion to Seal to be filed under seal and ex parte.

DATED: September 14, 2026, at Honolulu, Hawaii.

Respectfully submitted,

KENNETH M. SORENSON
United States Attorney
District of Hawaii

By: *<u>/s/ Jonathan D. Slack</u>*
Jonathan Slack
Joseph McGinley
Aislinn K. Affinito
Assistant U.S. Attorneys

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and Forfeiture Section, Criminal Division

By: *<u>/s/ Stephanie Williamson</u>*
Stephanie Williamson
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

Keith Y. Yamada
Michael Raymond Soon Fah
Attorneys for Claimant
Bank of Hawaii

Charles Prather
Robin Lyn Miller
Attorneys for Claimant
U.S. Bank Trust National Association Not in Its Individual
Capacity But Solely as Owner Trustee for RCF 2 Acquisition Trust

Edward M. Burch
Addison D. Bonner
Attorneys for Claimant
The Michael J. Miske, Jr. Revocable Living Trust

Jonathan W.Y. Lai
Thomas H.Y.P. Yee
Attorneys for Claimant
Hawaii Central Federal Credit Union

Eric A. Seitz
Attorney for Intervenor
Seung-Ji Robert Lee

DATED: September 14, 2026, at Honolulu, Hawaii.

*/s/ Jonathan D. Slack*
JONATHAN D. SLACK
Assistant U.S. Attorney